IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHISM ELECTRIC, INC.                                          PLAINTIFF

V.                                                            CIVIL ACTION NO.
                                                              2:09-CV-009-M-A

MALENDA H. MEACHAM
and ANGELA KAYE CHISM                                         DEFENDANTS

## ORDER

The plaintiff Chism Electric, Inc. seeks an order compelling further deposition testimony of Malenda Meacham and requiring her to answer all questions originally posed to her at her June 23, 2009 deposition. Docket # 41. The plaintiff filed this case alleging abuse of process and civil conspiracy against the defendants Angela Kaye Chism and her counsel, Ms. Meacham, for adding the plaintiff as a party to the divorce proceedings in Desoto County, Mississippi. Docket #1. The plaintiff deposed Meacham on June 23, 2009, but considered the deposition unsatisfactory because Meacham invoked the attorney-client privilege on behalf of her client and the work product doctrine in response to many of the plaintiff's questions. The plaintiff asserts that certain deposition questions were that of fact, which are not subject to the attorney-client privilege and that the attorney-client privilege is not available to Ms. Chism and her counsel because of the furtherance of a crime or fraud exception; she asks the court to compel Meacham to "answer all depositions questions posed to her." Docket #41, p. 2. The defendants notified the plaintiff of their intent to invoke the attorney-client privilege before the deposition; they continue to assert the privilege and deny that the crime-fraud exception is applicable in this case.

Under Rule 501 of the Federal Rules of Evidence, in a diversity action in which the state law supplies the rule of the decision, the state law also determines the applicability of privilege.

*Liberty Mutual Insurance Co. v. Tedford*, 2008 WL 1930573, *2 (N.D. Miss. 2008)(citing *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991)). Because Mississippi law governs this case, Rule 502 of the Mississippi Rules of Evidence defines the scope of the attorney-client privilege. Under Miss. R. Evid 502(b), a client has the privilege to "refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." The attorney-client privilege requires the communication must be made

> (1) between the client or her representative and his attorney or attorney's representative;
> 
> (2) between her attorney and her lawyer's representative;
> 
> (3) by the client or her representative or her attorney and her representative to an attorney or an attorney's representative representing another party in a pending action and concerning a matter of common interest therein;
> 
> (4) between representatives of the client or between the client and a representative of the client; or
> 
> (5) among attorneys and their representatives representing the same client.

The privilege may be claimed by the client, her guardian or representative and the attorney on behalf of her client. Miss. R. Evid. 502(c). The privilege protects communication from the attorney to her client and vice versa. *Liberty Mutual Insurance C*o., 2008 WL 1930573 at *2 (citing Miss. R. Evid. 502 cmt.; *Hewes v. Langston*, 853 So.2d 1237, 1244 (Miss. 2003)). The communication need not contain purely legal analysis to be privileged; as long as the communication between the client and the attorney facilitates the rendition of legal services or advice, the communication is privileged. *Dunn*, 927 F.2d at 875.

The work product doctrine protects the attorney's thoughts, mental impressions, statements, memoranda and correspondence. *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S.Ct. 385, 393 (1947). The work product doctrine is expressed in Federal Rule 26(b)(3), which provides in part "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative...." Fed.R.Civ.P. 26(b)(3)(A). Further, the court must protect against disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B).

The attorney-client privilege is abrogated if the client sought or obtained the attorney's services to enable or aid in the commission or planning of what the client knew or should have known to be a crime, Miss. R. Evid. 502(d)(1), and this exception also applies to the work product doctrine. *Hewes v. Langston*, 853 So.2d 1237, 1246 (Miss. 2003)(employing the Fifth Circuit's application of the exception to the work product doctrine). To determine whether the exception applies to materials protected by the work product doctrine, the court employs a two-part test. *Id.*(citing *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1241 (5th Cir. 1982)). First, there must by a prima facie showing of a violation sufficiently serious to defeat application of the work product doctrine. Secondly, the court must find a reasonable relationship between the materials sought and the prima facie violation. *Id.*

In its complaint, the plaintiff alleges abuse of process claims and a civil conspiracy claim against the defendants because of their actions in the state court divorce proceedings. Docket #1. The court finds that the plaintiff has not demonstrated a prima facie violation sufficiently serious to defeat application of either the attorney-client privilege or the work product doctrine. The

claims of abuse of process against the defendants are intentional tort claims which, by definition, are not criminal actions. Generally speaking, civil conspiracy is an agreement to deprive a third party of legal rights or to deceive a third party to effectuate an illegal objective. The court is unwilling to conclude that the filing of an action in state court to declare the plaintiff, Chism Electric, Inc., a marital asset amounts to an agreement to deprive a third party of its legal rights. In actuality, the defendants were merely asserting Ms. Chism's potential legal right to the assets of the corporation. Whether defendants had a good faith belief that the action was justified, the filing was not a crime and there is no basis for the court to find that there was fraud involved. The court finds that the attorney-client privilege asserted by the defendants is not subject to the crime-fraud exception.

As the defendants' attorney-client privilege and the protections of the work product doctrine remain intact, the court finds the request to compel Ms. Meacham to answer "all deposition questions" not well taken. Discovery in this case is complicated by the fact that the defendants are an attorney and her client, and the case concerns their actions in a state court legal proceeding. The court must allow for a certain amount of discovery, but the court is not in a position to review the entire deposition of Ms. Meacham and determine for the parties which particular questions are those questions that are not legitimately subject to the full contours of the attorney-client privilege or the work product doctrine. Therefore, the court will allow the plaintiff to re-depose Ms. Meacham by written questions pursuant to Fed.R.Civ.P. 31(2)(A)(ii). The plaintiffs are limited to thirty deposition questions, which may not be compound questions. Consistent with this Order, the defendants remain entitled to invoke the attorney-client privilege and the work product doctrine in accordance with Unif. Local R. 26.1(A)(1)(c) when responding

to the deposition questions.

The plaintiff also requests the court impose attorney's fees and sanctions on the defendants for noncompliance with the Federal Rules of Civil Procedure. The court finds that the defendants were well within their rights to invoke the privilege; thus, sanctions are not warranted.

Accordingly, it is **ORDERED**

That the plaintiff's motion to compel is **DENIED in PART** and **GRANTED in PART**

That the court grants the plaintiff permission to re-depose Ms. Meacham via written questions as outlined in the body of this Order

This the 8th day of October, 2009.

                                           /s/   S. Allan Alexander
                                           UNITED STATES MAGISTRATE JUDGE