IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CHISM ELECTRIC, INC.**                                                                                 **PLAINTIFF**

**V.**                                    **NO. 2:09-CV-009-M-A**

**MALENDA H. MEACHAM**
**and ANGELA KAYE CHISM**                                 **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of Malenda H. Meacham and Angela Kaye Chism for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Chism Electric, Inc. has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is an abuse of process and civil conspiracy case arising out of contentious divorce proceedings between Lloyd Chism and defendant Angela Kaye Chism. On or about June 1, 2007, Lloyd filed for divorce in the Chancery Court of Desoto County against Angela, who is represented in these ongoing divorce proceedings by her attorney (and now co-defendant) Malenda H. Meacham. *Chism v. Chism*, No. 07-06-1037. The instant action results from plaintiff Chism Electric, Inc.'s extreme frustration at having been named as a defendant in the state divorce proceedings as part of Angela's assertion that the business represents marital property subject to equitable division. Plaintiff does not dispute that a business subject to equitable division may properly be named as a party in divorce proceedings under Mississippi law, *see, e.g. A & L, Inc. v. Grantham*, 747 So.2d 832 (Miss. 1999), but it complains that Angela filed an amended complaint asserting claims against it even after she was presented with

1

evidence showing that Chism Electric is actually owned by Lloyd's mother and father-in-law.

There are numerous reasons why plaintiff's decision to file this federal court action was ill-advised in the extreme. First, the court would note that this case raises serious federalism and *res judicata* concerns, inasmuch as plaintiff essentially seeks to have this court police an ongoing state court action which, as defendants emphasize, was expressly authorized by the Chancery Court of Desoto County. Plaintiff concedes as much in its complaint, asserting that

> After filing the initial [complaint], Angela Faye Chism and her attorney Malenda Meacham began to conspire to add Chism Electric Inc. as a party in the divorce proceedings. The two Defendants, through their joint conspiracy, filed an *Amended Counter Complaint for Divorce and Temporary Relief* to the divorce action filed by Lloyd. It was in this *Amended Counter Complaint* that Chism Electric Inc. first appeared in any complaint as a party. For some reason, the Chancery Court, Judge Vicki Cobb, granted this motion on September 27, 2008.

Plaintiff thus recognizes that Desoto County Chancery Judge Vicki Cobb expressly authorized it to be named as a defendant in the divorce proceedings. Plaintiff alleges in its complaint, however, that it subsequently gave defendants notice of its true ownership and that

> [a]mazingly, after learning that neither Lloyd Chism or Angela Kaye Chism owned any interest in the company, Malenda Meacham filed a *Second Amended Counter Complaint*. Defendant, Malenda Meacham also filed a motion to amend along with the *Second Amended Counter-Complaint* which was based on less than information and belief.

Plaintiff fails to acknowledge, however, that defendants were expressly *authorized* to file their Second Amended Counter-Complaint by the Chancery Court of Desoto County.

It is the general practice of litigants who feel that they have been unjustly sued to file a Rule 12 motion to dismiss and/or summary judgment. Plaintiff did file a 12(b)(6) motion, but it was denied in an order dated August 27, 2008 by Desoto County Chancellor Percy Lynchard, who had taken over the case after Judge Cobb recused herself from it. In his ruling, Judge

2

Lynchard expressly noted that "the court ... previously allowed a Motion Ore Tenus this day to amend the pleadings to include these claims" and concluded that "the Amended Complaint states a cause of action and therefore avoids a Motion to Dismiss under Rule 12(b)(6)." Judge Lynchard expressly reserved judgment, however, regarding whether summary judgment might be appropriate. On February 9, 2009, Judge Lynchard did, in fact, reject plaintiff's summary judgment motion, writing that "(c)onsidering the filings before this court, the court finds that the Defendant Corporation has failed to meet its burden of proof in order to have this matter dismissed by reason of summary judgment." As it turns out, however, plaintiff had already filed this federal court action on January 14, 2009, without waiting for Judge Lynchard's ruling on the summary judgment motion.

In light of the foregoing procedural history, this case is deficient on so many levels that it is difficult for the court to know where to begin its analysis. The court would initially note that the jurisdictional *Rooker-Feldman* doctrine does not apply in this case,[1] which is appropriately regarded as parallel litigation initiated while the state court proceedings were still ongoing. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)(*Rooker-Feldman* does not apply to parallel litigation). Thus, while this lawsuit might appear to be an attempt to appeal adverse state court rulings in federal court contrary to *Rooker-Feldman*, the doctrine is nevertheless inapplicable. Moreover, while it is true that federal courts "generally decline[] to intervene in domestic relations, a traditional subject of state law," *see Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 124 S.Ct. 2301, 2304

---

[1]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

(U.S. 2004), none of the parties have invoked this or any of the other abstention doctrines which sometimes apply in cases of parallel state and federal litigation. *See, e.g., Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The court will therefore address the merits of this case, such as they are, but the comity and abstention concerns emanating from the aforementioned authority would weigh heavily on this court's mind even if this case presented potentially meritorious claims. This case clearly does not present meritorious claims, inasmuch as plaintiff seeks to assert abuse of process and civil conspiracy claims which are clearly not available to it under Mississippi law. The most obvious reason why this is the case is the simple fact that two separate Mississippi chancellors have issued rulings authorizing the very actions which plaintiff seeks to make tortious in this federal lawsuit. It should be obvious that this attempt flies in the face of Mississippi tort law, *res judicata* and common sense. At this juncture, plaintiff has received adverse rulings in chancery court on motions to amend, a motion to dismiss, and a motion for summary judgment. Accordingly, plaintiff's legal options at this point are to file motions to reconsider with the chancery court, or, failing such, to appeal to the Mississippi Supreme Court. Even if plaintiff were to prevail on appeal, however, it seems doubtful that it would be able to assert tort claims against defendants based on actions which were expressly authorized at the time by two separate chancery court judges. The notion that plaintiff might file such tort claims even *before* obtaining such a reversal strikes this court as being nothing less than absurd.

In addition, it is apparent that, in an obvious attempt to circumvent the malicious civil prosecution cause of action's "favorable termination of the proceedings" requirement, *see Moon*

4

*v. Condere Corp.*, 690 So. 2d 1191, 1194 (Miss. 1997), plaintiff seeks to misuse the abuse of process and civil conspiracy torts in this case. The seminal Mississippi Supreme Court decision dealing with abuse of process is *State for Use and Benefit of Foster v. Turner*, 319 So.2d 233 (Miss. 1975), where the Court explained that:

> While some cases have confounded the action for abuse of process with the action for malicious prosecution, the two are essentially different and independent. An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued. Thus it is said in substance that the distinction between the two is that the malicious use of process is the employment of process for its ostensible purpose, but without reasonable or probable cause, whereas the malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.

*Turner*, 319 So. 2d at 236. The elements of a conspiracy claim are 1) a conspiracy; 2) an overt act of fraud in furtherance of the conspiracy and 3) damages to the plaintiff as a result of the fraud. *Delta Chemical and Petroleum, Inc. v. Citizens Bank of Byhalia, Mississippi*, 790 So.2d 862, 877 (Miss.2001). A conspiracy has been described as a "combination of person for the purpose of accomplishing an unlawful act or a lawful purpose unlawfully." *Id*. citing *Levens v. Campbell*, 733 So.2d 753 (Miss.1999).

It is clear that this case conceptually involves a malicious civil prosecution case rather than either of the two torts asserted by plaintiff, but, as noted previously, the malicious civil prosecution tort sensibly requires that a party actually obtain a favorable ruling in the underlying action before filing suit for malicious civil prosecution. *Moon*, 690 So. 2d at 1194. The reason for this requirement is obvious and can be readily discerned from the absurd situation in this case, where a plaintiff seeks for this court to declare acts tortious under Mississippi state law even though they were expressly authorized by two state court judges. Plaintiff apparently feels

5

that the "best defense is a good offense," but it would be well advised to concentrate on prevailing in the chancery court lawsuit which remains pending, rather than burdening the federal courts with meritless litigation.

While this court strongly considered awarding attorneys' fees against plaintiff, its decision not to do so is based on the fact that plaintiff clearly has a genuine and strongly-held belief that it is being wrongly sued in state court and that an injustice is being done as a result. Accordingly, while this federal lawsuit is completely meritless legally, it is less objectionable than if it had been filed with a more frivolous purpose.[2]

In light of the foregoing, defendants' motions for summary judgment are granted.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 9th day of October, 2009.

/s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[2]Indeed, this court makes no finding regarding the subjective intent of defendants in filing their underlying state court action. It is, at this juncture, both unclear and irrelevant whether defendants genuinely believed that plaintiff was a proper party to the divorce proceedings since a malicious civil prosecution claim may not be brought at this juncture regardless.